## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **BILLY E. BROWN,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | Case No. 15-cv-00191-CVE-TLW |
| vs. | | ) | |
| | | ) | |
| 1. | **T.D. WILLIAMSON, INC.,** a domestic | ) | *Jury Trial Demanded* |
| | for profit business corporation, | ) | |
| | | ) | *Attorney Lien Claimed* |
| | **Defendant.** | ) | |

### COMPLAINT

**COMES NOW** Billy E. Brown, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

#### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2015) and 28 U.S.C.A. § 1343(a)(4) (West 2015), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2015) and 42 U.S.C.A. § 1981 (West 2015).

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff Billy E. Brown, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant T.D. Williamson, at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with

fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(b), and operates a facility in the City of Tulsa, Tulsa County, Oklahoma.

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

6. Plaintiff Billy E. Brown incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant T.D. Williamson within the meaning of 42 U.S.C.A. § 2000e(f), working in the capacity of "welder."

8. Plaintiff is and was a member of a legally recognized protected class, i.e. African American.

9. Defendant T.D. Williamson, at all times relevant to the claims alleged herein, was and is an employer within the meaning of 42 U.S.C.A. § 2000e(b), which, upon information and belief, employed and employs more than 15 employees.

10. In the week ending July 20, 2013, Plaintiff applied for the position of "combo welder" with Defendant, through a temporary placement service, Abundant Solutions.

11. At the time of making his application with Defendant, Plaintiff was employed as a welder with K & L Fabrication Services, LLC in Claremore, Oklahoma.

12. Additionally, at the time of making his application with Defendant, Plaintiff had in excess of five (5) years experience as a welder.

13. In the course of the application process with Defendant, Plaintiff successfully passed all of the welding tests presented by Defendant, thereby demonstrating his proficiency for the position at issue.

14. Accordingly, Plaintiff was advised by Defendant that he was accepted for employment, to begin as a temporary placement, and that he would begin with Defendant on July 22, 2013.

15. In reliance upon Defendant's offer, Plaintiff resigned from employment with K & L Fabrications as the position with Defendant offered the possibility of better pay, benefits, and longevity.

16. On July 22, 2013, Plaintiff reported to Defendant's facility, located at 6801 South 65th West Avenue, to commence his employment.

17. Plaintiff was provided an orientation tour by an individual named "Keat," who was the welding department safety lead, and who had 23 years experience as a welder at Defendant T.D. Williamson.

18. At that time Plaintiff was assigned to an experienced welder, Bo Caldwell, to begin his training, which was specific to the needs of Defendant.

19. Plaintiff was advised that such training would continue until he was deemed sufficiently proficient with Defendant's requirements to work without direct supervision, as the parts manufactured by Defendant were quite expensive, and errors leading to unnecessary repairs were often very costly.

20. Plaintiff was advised that this extended training period was a rite of passage experienced by all T.D. Williamson welders.

21. Upon his return to work the following day, Plaintiff was advised that he had been re-assigned to the mentorship /training of another individual, James "Boone" Cook ("Boone"), as Bo Caldwell had been tasked with re-training another by the name of Justin, pursuant to Justin's return from a lay-off of several months.

22. In Boone, Plaintiff found a mentor who openly and frequently vocalized his resistance to training Plaintiff, telling Plaintiff, "I'm not a trainer," as well as stating to Plaintiff his impatience and dissatisfaction with watching Plaintiff work instead of personally engaging in the tasks, which, per Boone, reduced his production.

23. Further, Boone advised Plaintiff that prior to his hiring with Defendant, he (Boone) had *no* previous welding experience, i.e., all of his welding was learned through training and experience with Defendant T.D. Williamson subsequent to his hiring.

24. Additionally, Boone repeatedly made derogatory comments, based on race, regarding the lone Asian welder on site.

25. During the course of his time with Defendant, Plaintiff noted that Travis Bolten, the department manager over Plaintiff's section, along with a person named Dennis, who was identified as the lead in that same department, would not speak with Plaintiff.

26. On the morning of July 29, 2013, Plaintiff returned to work and attended a mandatory safety meeting at 6:00 a.m., which was led by Dennis.

27. The subject of that meeting was yet another accident on the part of Keat, which Plaintiff was advised was Keat's third in four months; none of these accidents caused Keat to be discharged.

28. On the following day, Plaintiff made the brief acquaintance of a third shift worker at T.D. Williamson, a male who was also African American, who expressed his surprise that

Defendant had hired an African American welder, stating, "I've worked here a long time and have never seen a black welder."

29. Additionally, Plaintiff also made the acquaintance of the only two other employees of African American descent (as observed by Plaintiff), a forklift driver (Wayne), and another (Mark), whose exact job title was unknown to Plaintiff.

30. Mark advised Plaintiff that he (Mark) had been a temporary employee for a full year before Defendant hired him full-time.

31. On July 31, 2013, approximately ten minutes before his shift was to end, Plaintiff was summoned into Travis Bolten's office.

32. At that meeting, Bolten advised that all of Defendant's temporary employees, including Plaintiff, were being discharged.

33. Bolten then told Plaintiff that Defendant was holding a job fair the next day and that Plaintiff was welcome to attend that and make application for employment with Defendant.

34. Bolten further advised that Defendant was bringing on board new welders who were allegedly more experienced than Plaintiff, welders who would ostensibly replace Plaintiff.

35. Plaintiff pointed out to Bolten that he (Plaintiff) was already an experienced welder, prior to his placement with T.D. Williamson, and that regardless of their experience, the new welders would also need to train specifically for the requirements of Defendant's job tasks.

36. Bolten responded by stating to Plaintiff that he (Bolten) did not desire to debate the matter with Plaintiff.

37. Bolten did concede that Plaintiff's discharge was not related to Plaintiff's job performance, stating that Plaintiff always produced "quality work."

38. Accordingly, Plaintiff was supplanted and replaced by individuals who were not of his racial class, African American.

39. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") by submitting a Uniform Intake Questionnaire dated August 1, 2013, and stamped as received by EEOC on August 5, 2013; all dates in this paragraph are within one hundred eighty (180) days of the incident giving rise to Plaintiff's complaint.

40. On December 1, 2014, EEOC issued its original "Dismissal and Notice of Rights," or "Right to Sue Letter."

41. However, on December 10, 2014, EEOC, by and through the Oklahoma City Area Director, Holly Cole, issued a letter revoking the December 1, 2014 "Right to Sue Letter," in order to give further consideration to Plaintiff's complaint before EEOC.

42. On January 20, 2015, EEOC issued a final "Right to Sue Letter" regarding this matter.

43. This Complaint is being filed within ninety (90) days of the January 20, 2015 "Right to Sue Letter," in compliance with applicable law.

**FIRST CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATION**
**42 U.S.C.A. § 1981 (WEST 2014)**
**AS TO DEFENDANT T.D. WILLIAMSON**

44. Plaintiff Billy E. Brown incorporates paragraphs 1 through 43 herein as if fully set forth verbatim.

45. Plaintiff was a member of a protected class under the Act, specifically, a person of African-American descent.

46. Plaintiff was qualified for the position he held with Defendant, i.e., welder.

47. Plaintiff was discharged without cause from his employment with Defendant.

48. Plaintiff was doing satisfactory work at the time of his discharge.

49. Plaintiff was replaced by others not within his protected racial class who were similarly or less qualified than Plaintiff.

50. Race was a motivating factor in Plaintiff's discharge.

51. As a result of the actions constituting unlawful discrimination because of Plaintiff's race, Plaintiff's rights were violated, causing him injury.

### SECOND CAUSE OF ACTION
**UNLAWFUL DISCRIMINATION**
**TITLE VII, 42 U.S.C.A. § 2000e *et seq.* (WEST 2014)**
**AS TO DEFENDANT T.D. WILLIAMSON**

52. Plaintiff Billy E. Brown incorporates paragraphs 1 through 51 herein as if fully set forth verbatim.

53. Plaintiff was a member of a protected class under the Act, specifically, a person of African-American descent.

54. Plaintiff was qualified for the position he held with Defendant, i.e., welder.

55. Plaintiff was discharged without cause from his employment with Defendant.

56. Plaintiff was doing satisfactory work at the time of his discharge.

57. Plaintiff was replaced by others not within his protected racial class who were similarly or less qualified than Plaintiff.

58. Race was a motivating factor in Plaintiff's discharge.

59. As a result of the actions constituting unlawful discrimination because of Plaintiff's race, Plaintiff's rights were violated, causing him injury.

### PUNITIVE AND EXEMPLARY DAMAGES

60. Plaintiff Billy E. Brown incorporates paragraphs 1 through 59 herein as if fully set forth verbatim.

61. The acts and omissions by Defendant, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's federally protected rights.

62. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Billy E. Brown prays this Court to grant to him the following relief:

A. Judgment against each Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. Punitive damages against each Defendant where permitted by law;

C. Order Defendants to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid–Continent Tower, Suite 450
Tulsa, Oklahoma 74103
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com

*Attorneys for Plaintiff:*
*Billy E. Brown*